

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID OGDEN AND CAMILLA OGDEN,        ]
                                      ]
        Plaintiff(s),                 ]
                                      ]
vs.                                   ] CV-01-CO-02068-S
                                      ]
BLUE BELL CREAMERIES USA, INC.,       ]
                                      ]
        Defendant(s).                 ]

MEMORANDUM OF OPINION.

## I.    INTRODUCTION.

On the 28th day of November 2003, the Eleventh Circuit Court of Appeals issued, as a mandate, the Judgment it rendered in the above styled cause of action. [Doc. # 47] . As part of the mandate, the Eleventh Circuit Court of Appeals remanded this case for the court to determine the requests for the award of attorney fees made by both parties.

Both parties have had an opportunity to argue their positions on the requests and to present evidence.  The issues are now ripe for decision. Upon due consideration, the court is of the opinion that the requests made by both the plaintiffs and the defendant should be denied.



II.    DISCUSSION.

The plaintiffs and the defendant contend that they are entitled to an award of attorney fees and expenses. In an ERISA case such as this, " . . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "The law provides no presumption in favor of granting attorney's fees to a prevailing claimant in an ERISA action." *Freeman v. Continental Ins. Co.*, 996 F.2d 1116, 1119 (11th Cir. 1993).

The court is to consider five factors in deciding these requests:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; (5) the relative merits of the parties' positions.

*Freeman,* 996 F. 2d at 1119.

Defendant argues, in part, that an award of attorney fees against Plaintiffs would have the effect of encouraging other claimants to file their

claims on time and to follow through with actions to enforce their ERISA rights.  The court is convinced that the failure of Plaintiffs to recover in their substantive claim sufficiently promotes proper filing and enforcement action.

Plaintiffs argue, in part, that the conduct of the defendant and its agents was such that they should be entitled to attorney fees and expenses. Plaintiffs also point to the facts of this case in support of their request.  The defendant correctly points out that the plaintiffs' own conduct, or the conduct of their attorney,[1] in not taking action to preserve their rights, is as much or more at fault for the situation in which Plaintiffs find themselves.

The court has considered each of the factors set out in *Freeman* as well as all that has been presented by the parties and concludes that neither of the parties should be awarded attorney fees or expenses.

---

[1]The court does not intend to express any opinion of fault concerning past representation of Plaintiffs.  The court is not called upon to distinguish between the actions, or inactions, of the plaintiffs versus their past attorney.  The court notes that Plaintiffs now have different counsel.

III.   CONCLUSION.

Defendant's request for attorney fees and expenses is due to be denied.   Plaintiffs' request for attorney fees and expenses is due to be denied. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 2nd of February, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE